NO. 07-00-0311-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 21, 2001

_____

JORGE ANTONIO GONZALEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;

NO. 829,236; HONORABLE WILLIAM M. HATTEN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

**SECOND ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Jorge Antonio Gonzalez was convicted by a jury of robbery and punishment was assessed by the court at two years confinement. Following his conviction, appellant filed his *pro se* notice of appeal. Both the clerk's record and reporter's record were filed. Appellant's brief was due to be filed on November 6,

2000, but had not been filed as of January 16, 2001 when this appeal was abated and the cause was remanded to the trial court for further proceedings. Upon conducting a hearing pursuant to this Court's request, the trial court questioned appellant as follows:

THE COURT: Who is your lawyer?

THE DEFENDANT: I'm not represented, Judge.

THE COURT: What are you going to do about this appeal?

THE DEFENDANT: I want to file indigent and get a Court-appointed attorney.

THE COURT: Very well, sir.

THE COURT: What I will do about that — then, is it your desire to dismiss the appeal?

THE DEFENDANT: If I dismiss it, I'm going to jail.

THE COURT: Looks to me like as I understand it, Mr. Gonzalez, it's your desire — to no longer prosecute your appeal in this case.

THE DEFENDANT: Yes, sir. I can't afford an attorney.

Following the hearing, the trial court did not file findings of fact or conclusions of law as directed by this Court in our abatement order and as requested in a follow-up letter dated March 13, 2001. However, the trial court's docket sheet contained in the supplemental clerk's record reflects that the trial court "determined def. indigent." We cannot determine from the supplemental reporter's record whether appellant wanted to prosecute his appeal with appointment of counsel or whether appellant understood the consequences of dismissing his appeal.

Therefore, we now again abate this appeal, and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate

Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.    whether appellant desires to prosecute the appeal; and

2.    whether appellant is indigent and entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal and is indigent, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel. If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel. Finally, the trial court is directed to execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court is directed to file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, July 6, 2001.

It is so ordered.

Per Curiam

Do not publish.

3